UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
ELINA GROMINA,

                                  Case No.: 22-cv-744

                Plaintiff,

    -against-                          **COMPLAINT**

FOREXONIA, LLC, KAZMARCK CAPITAL, LLC,
and ALEX KAZMARCK, individually,

                Defendants.
-----------------------------------------------------------------X

      Plaintiff ELINA GROMINA by her attorneys, Bell Law Group, PLLC, as and for their Complaint against Defendants FOREXONIA, LLC, KAZMARCK CAPITAL, LLC, and ALEX KAZMARCK, individually ("Defendant Kazmarck") (referred to collectively herein as "Defendants"), respectfully alleges upon knowledge as to herself and upon information and belief as to all other matters as follows:

## NATURE OF THE ACTION

      1.    This action is brought by Plaintiff pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") to seek redress against Defendants for systematic and class-wide failure by Defendants to provide the required minimum wage and overtimes wages, as well as for the failure to provide wage payment statements and wage theft prevention act notifications in violation of the FLSA and NYLL. Additionally, Plaintiff seeks redress from Defendants based on their violation of the anti-retaliation provisions of the NYLL.

      2.    Plaintiff worked for Defendants - - two related investment management firms and their day-to-day overseer - - as a trader from October 2019 to April 2020. During her employment, Defendants regularly required Plaintiff to work, and Plaintiff indeed did in fact work, at least forty hours each week. However, Defendants failed to pay Plaintiff at least the minimum wage rate for

1

hours worked in a week up to forty in violation of the FLSA and the NYLL. Defendants similarly failed to pay Plaintiff at a rate of one and one half the minimum wage rate for hours worked in a week over forty in violation of the FLSA and the NYLL throughout her employment. Moreover, Plaintiff did not receive accurate wage theft prevent act notification at the time of hiring and did not receive wage payments statements each week in violation of the NYLL. Finally, Defendants retaliated against Plaintiff by terminating her employment in response to her protected activity of complaining of these wage violations to Defendant Kazmarck.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, in that this is an action arising under the FLSA.

4. This Court has supplemental jurisdiction of the claim arising under the NYLL pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so closely related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391, as a substantial part of the events and omissions giving rise to the claims occurred in this judicial district, and Defendants conduct significant business within this judicial district.

## PARTIES

6. At all relevant times, Plaintiff was and still is a resident of the County of Kings, State of New York.

7. At all relevant times, Plaintiff has been a covered employee within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq*.

8. At all relevant times, Defendant Forexonia, LLC, has been an unauthorized limited

liability company doing business in New York at the address of 110 Wall Street, New York, New York 10005.

9. At all relevant times, Defendant Kazmarck Capital, LLC, was and still is a domestic limited liability corporation organized and existing under and by virtue of the laws of the State of New York. Defendant Kazmarck Capital, LLC, has registered the following address to receive service of the Complaint: 110 Wall Street, Suite 5-040, New York, New York 10005.

10. Defendant Kazmarck was and still is a resident of the State of New York, County of New York. Throughout Plaintiff's employment, Kazmarck held a position with managerial and/or supervisory authority with Defendants and Forexonia, LLC, and Kazmarck Capital, LLC.

11. At all relevant times, Defendants have been covered employers within the meaning of the FLSA, 29 U.S.C. § 201, *et seq.* and NYLL, N.Y. Lab. Law § 190 *et seq.*, as Defendants - - both individually and collectively - - have had an annual dollar volume of sales or business done of at least $500,000 and employed two or more employees.

12. At all relevant times, Defendant Kazmarck was and still is in active control and management of the Defendants Kazmarck Capital, LLC, and Forexonia, LLC, regulates the employment of persons employed by these entities, acted directly and indirectly in the interest of these entities in relation to the employees, and thus, was an employer of Plaintiff under the FLSA and NYLL.

## PLAINTIFF'S FACTUAL ALLEGATIONS

13. Plaintiff was hired by Defendants as a trader and/or "project manager" - - albeit a position that is not managerial in nature pursuant to federal and state employment laws - - in October 2019 and worked in that role until April 2020. In this role, Plaintiff was a non-managerial, non-exempt employee of Defendants assisting in handling the investments of Defendants' clients


and monitoring the various markets throughout the day.

14. Throughout Plaintiff's employment, Defendant Kazmarck oversaw the day-to-day operations of Defendant Forexonia's and Defendant Kazmarck Capital, LLC's businesses and was responsible for all personnel decisions regarding the employees working at either or both entities.

15. From her date of hire until April 2020, Defendants required Plaintiff to work, and she did in fact work, from 7:30 a.m. until at least 6:00 p.m., and occasionally until 10:00 p.m. or 11p.m., for six days per week.

16. Throughout her employment, Defendants did not pay Plaintiff at least the minimum rate prescribed by either the FLSA or the NYLL for hours worked up to forty in a week. Additionally, Defendants never paid Plaintiff at a rate of one- and one-half times her regular rate of pay for hours worked in a week over forty.

17. For example, Plaintiff was only paid on four occasions throughout her seven months of work for a total of $2,640, despite Plaintiff working over forty hours per week every week during her employment.

18. Indeed, on December 31, 2019, Plaintiff was paid only $250.00 for a month's worth of work - - or about 265 hours - - according to about 66 hours per week during this time working Monday through Saturday.

19. Similarly, Plaintiff was paid only $200.00 for roughly the same hours worked between January 10 to February 10, 2020; only $400.00 for the same hours worked between February 11 and March 9, 2020; and $1,790.00 for the same hours worked between March 10 and April 10, 2020.

20. To make matters worse, Defendant Kazmarck informed Plaintiff that the final payment in April 2020 was meant to cover not only the previous month's work, but also the next

four months of work as well. In other words, Defendants intended to pay Plaintiff $1,790.00 for what would be over 1,300 hours of work over those months combined.

21. Plaintiff was required by the FLSA to be paid a minimum wage rate of no less than $7.25 per hour throughout her employment.

22. Plaintiff was required by the NYLL to be paid a minimum wage rate of no less than $15.00 per hour throughout her employment.

23. Defendants regularly failed to pay Plaintiff Davis the required minimum wage throughout Plaintiff's employment in violation of the FLSA and the NYLL.

24. Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay, whichever was higher, for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

25. Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

26. At no time was Plaintiff paid overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay, whichever was higher, for any hours that Plaintiff Davis worked in excess of forty (40) per workweek, in violation of the FLSA and NYLL.

27. At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address, and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

28. At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating

Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

29. Plaintiff was not provided an accurate wage theft prevention act notification at the time of hiring indicating her rate of pay or the basis thereof, nor was she provided accurate wage payment statements reflecting his hourly rate or number of hours worked on each payday while working for Defendants.

30. Throughout Plaintiff employment with Defendants, she was paid by check on an irregular and inconsistent basis regardless of the number of hours worked in a week.

31. Each hour that Plaintiff worked was for Defendants' benefit.

32. Plaintiff complained to Defendant Kazmarck via text message in April 2020 about how infrequently she was being paid, and specifically pointed out that the April payment fell drastically short of being commensurate with her hours worked during that time. In response, Defendants summarily terminated her employment. Additionally, Defendant Kazmarck threatened Plaintiff immigration status through falsely reporting her to the authorities. Defendant Kazmarck also initially withheld Plaintiff's passport and immigration-related documents in the office until he eventually relented and returned them upon Plaintiff's additional complaints. These actions are in violation of the anti-retaliation provisions of NYLL § 215

## AS AND FOR THE FIRST CAUSE OF ACTION
*Minimum wage owed pursuant to the FLSA*

33. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

34. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the FLSA.

35. At all relevant times, Defendants were subject to the minimum wage provisions of the FLSA.

36. Pursuant to the FLSA, Defendants were required to pay Plaintiff a minimum wage rate of no less than $7.25 per hour throughout the past six years.

37. Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff the applicable minimum wage for any of the hours they required Plaintiff to work up to forty in a week.

38. Defendants have violated FLSA by failing to compensate Plaintiff the applicable minimum hourly wage.

39. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to the FLSA.

40. Defendants willfully, knowingly, and intentionally failed, and continues to fail to compensate Plaintiff the required minimum wage.

41. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff.

42. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to the FLSA.

43. As Defendants did not have a good faith basis to believe that their failure to pay minimum wage rates to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR THE SECOND CAUSE OF ACTION
*Minimum wage owed pursuant to the NYLL*

44. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

45. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of NYLL §§ 190, 651 and 652.

46. At all relevant times, Defendants were subject to the minimum wage provisions of Article 19 of the NYLL.

47. Pursuant to NYLL § 652, Defendants were required to pay Plaintiff a minimum wage rate of no less than $15.00 per hour for hours worked .

48. Defendants have engaged in a pattern, practice, policy and/or common scheme of failing to pay Plaintiff s the applicable minimum wage for any of the hours they required Plaintiff to work up to forty in a week.

49. Defendants have violated NYLL § 652 by failing to compensate Plaintiff the applicable minimum hourly wage.

50. As a result of Defendants' violations of the law and failure to pay Plaintiff the required minimum wage, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL §§ 198 and 663.

51. Defendants willfully, knowingly, and intentionally failed, and continues to fail to compensate Plaintiff the required minimum wage.

52. Defendants have not made a good faith effort to comply with the NYLL with respect to the compensation of Plaintiff.

53. Due to Defendants' intentional and willful failure to pay Plaintiff the applicable minimum wage, Plaintiff is entitled to additional liquidated damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL §§ 198 and 663.

### AS AND FOR THE THIRD CAUSE OF ACTION
*Unpaid overtime wages owed pursuant to the FLSA*

54. Plaintiff repeats and realleges each and every allegation in the preceding paragraphs with the same force and effect as if fully set forth herein.

55. At all relevant times, Plaintiff was an employee of the Defendants within the meaning of 29 U.S.C. § 203(e).

56. At all relevant times, Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

57. At all relevant times, Plaintiff was an employee and Defendants were employers within the meaning of the FLSA..

58. At all relevant times, Defendants were subject to the overtime wage requirements set forth in the FLSA, 29 U.S.C. §§ 201 *et seq*.

59. Pursuant to the FLSA, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

60. Plaintiff was entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate for any hours worked in excess of forty (40) hours in any workweek.

61. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

62. At no time have Defendants paid Plaintiff a rate of one and one-half times the

minimum wage rate and/or Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

63. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times Plaintiff's hourly rate of pay for all of the hours Plaintiff worked in excess of forty (40) hours per week.

64. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to 29 U.S.C. § 216(b).

65. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to 29 U.S.C. § 216(b).

**AS AND FOR THE FOURTH CAUSE OF ACTION**
*Unpaid overtime wages owed pursuant to the NYLL*

66. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

67. At all relevant times, Defendants were subject to the overtime wage requirements set forth in Article 19 of the NYLL.

68. Pursuant to NYLL § 650 *et seq*. and 12 NYCRR 142-2.2, non-exempt employees are required to be paid one and one-half times the employees' regular rate of pay for any hours in excess of forty (40) worked in any workweek.

69. Plaintiff was entitled to be paid one and one-half times the minimum wage rate and/or Plaintiff's regular hourly rate for any hours in excess of forty (40) worked in any workweek.

70. Defendants required Plaintiff to work more than forty (40) hours a week, and Plaintiff regularly worked more than forty (40) hours a week throughout her employment.

71. At no time have Defendants paid Plaintiff a rate of one and one-half times the minimum wage rate and/or Plaintiff's hourly rate of pay for all of the hours she worked in excess of forty (40) hours per week.

72. Defendants willfully, knowingly, and intentionally did not compensate Plaintiff for overtime at a rate of one and one-half times their hourly rate of pay for all of the hours she worked in excess of forty (40) hours per week.

73. As a result of Defendants' violations of the law and failures to pay Plaintiff required regular and overtime wages, Plaintiff has been damaged and are entitled to recover from Defendants all wages due, along with all reasonable attorneys' fees, interest, and costs, pursuant to NYLL § 198 and 12 NYCRR § 142-2.2.

74. As Defendants did not have a good faith basis to believe that their failure to pay overtime wages to Plaintiff was in compliance with the law, Plaintiff is entitled to additional damages equal to one hundred percent of the total amount of wages due, pursuant to NYLL§ 198.

## AS AND FOR THE FIFTH CAUSE OF ACTION
*Violation of NYLL § 195(3) Wage Statements*

75. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

76. Pursuant to NYLL § 195(3), employers are required to furnish accurate wage statements to their employees with every payment of wages.

77. Defendants failed to furnish accurate wage statements to Plaintiff in violation of NYLL § 195(3) by, *inter alia*, failing to provide Plaintiff with accurate statements of their full

wages, hours worked, regular rate of pay, overtime rate of pay or other information required by NYLL § 195(3).

78. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

79. As Defendants failed to provide proper wage payment statements under NYLL 195(3), Plaintiff is entitled to liquidated damages of $250.00 for each day that such violations occurred, up to a total of $5,000, together with attorneys' fees, costs, and interest.

## AS AND FOR THE SIXTH CAUSE OF ACTION
*Violation of NYLL § 195(1) Wage Theft Prevention Act Notification*

80. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein.

81. NYLL § 195(1) requires employers to furnish employees at the time of hiring, a notice of the rate or rates of pay and basis thereof, the name of the employer, any doing business as names and the main office or principal place of business.

82. Defendants failed to furnish such a statement to Plaintiff in violation of NYLL § 195(1) by, *inter alia*, failing to provide Plaintiff at the time of hiring with an accurate statement of Plaintiff's regular rate of pay, the basis thereof, and other information required by NYLL § 195(1).

83. The foregoing conduct of Defendants constitutes willful violations of the NYLL and/or its regulations.

84. As Defendants failed to provide Plaintiff with proper a proper notice under NYLL 195(1), Plaintiff is entitled to liquidated damages of $50.00 for each day that such violations continued, up to a total of $5,000.00, together with all reasonable attorneys' fees, costs, and interest.

## AS AND FOR THE SEVENTH CAUSE OF ACTION
*Violation of NYLL § 215 anti-retaliation provisions*

85. Plaintiff hereby repeats and re-alleges each and every allegation as contained in each of the preceding paragraphs as if fully set forth and contained herein

86. As described herein and above, Plaintiff engaged in protected activity under the NYLL when complaining of Defendants' NYLL violations via text message in April 2020.

87. As described above, in response to her complaint, Defendants willfully and unlawfully retaliated against Plaintiff for her participation in protected activities.

88. As a direct and proximate result of Defendants' unlawful retaliatory conduct in violation of the NYLL, Plaintiff is entitled to damages in an amount to be determined at trial, including compensatory damages for monetary damages, punitive damages, statutory damages, front pay, attorneys' fees, costs, post-judgment interest, pre-judgement interest, and such other legal and equitable relief available that this Court deems just and proper.

89. In retaliating against Plaintiff, Defendants knowingly acted in deliberate disregard of Plaintiff's rights, and thus, violated NYLL § 215.

**WHEREFORE**, Plaintiff seeks the following relief:

A. On the First Cause of Action, an award equal to all wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

B. On the Second Cause of Action an award equal to all overtime wages due, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

    C. On the Third Cause of Action, an additional award of one hundred percent of all wages, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

    D. On the Fourth Cause of Action, for failing to provide proper statements with every payment of wages, liquidated damages in the amount of $250.00 per day for every work week in which the violation occurred, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest, in an amount to be determined by this Court but greater than the jurisdictional minimum;

    E. On the Fifth Cause of Action, for failing to provide a proper notice at the time of hiring of the rate of pay and basis thereof in an amount of $50.00 per day, up to a maximum of $5,000.00, along with all reasonable attorneys' fees, costs and interest;

    F. On the Sixth Cause of Action, an award equal to Plaintiff's compensatory, liquidated, and punitive damages in an amount to be determined at trial; and

    G. Such other and further relief as is just and proper.

Dated: Syosset, New York
       January 28, 2022

          Respectfully submitted,
          BELL LAW GROUP, PLLC

          By: */s/ Frank J. Tantone*
          Frank J. Tantone, Esq.
          *Attorneys for Plaintiff*
          116 Jackson Avenue
          Syosset, New York 11791
          (516) 280-3008
          ft@Belllg.com