UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELINA GROMINA,

                                                  Case No.: 22-cv-744 (JPO)

                    Plaintiff,

         -against-
                                     **AFFIRMATION IN**
                             **SUPPORT OF MOTION FOR**
FOREXONIA, LLC, KAZMARCK CAPITAL, LLC,                **DEFAULT**
and ALEX KAZMARCK, individually,

                          Defendants.
----------------------------------------------------------------X

       Adam P. Grogan, Esq., an attorney duly admitted to practice in the United States District

Court for the Southern District of New York, declares under the penalty of perjury that following

is true and correct:

       1.      I am an attorney with Bell Law Group, PLLC, attorneys for the Plaintiffs, and as

such I am fully familiar with all of the prior pleadings and proceedings heretofore had herein as

pertains to the instant motion, as well as all the facts and circumstances of this case.

       2.      This Declaration is submitted in support of Plaintiff's Motion for Default Judgment

pursuant to Federal Rule of Civil Procedure 55(b)(2) and Local Rule 55.2(b) against the Defendant

Alex Kazmarck.

       3.      This action commenced on January 28, 2022, with the filing of a Complaint and a

request for issuance of summons as against Defendants Forexonia, LLC, Kazmarck Capital, LLC,

and Alex Kazmarck, (hereinafter "Defendant Kazmarck")(collectively, "Defendants") alleging,

*inter alia,* violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law

("NYLL").

       4.      Defendant Kazmarck was served on February 25, 2022. Dkt. No. 17.

5.      On March 31, 2022, Defendants Forexonia and Kazmarck Capital filed an Answer to the Complaint.

6.      On March 7, 2024, Defendant Kazmarck filed a Motion to Dismiss this action. Dkt. No. 57. Plaintiff opposed on March 28, 2024. Dkt. No. 59.

7.      On October 21, 2024, this Court issued an Order denying Defendant Kazmarck's Motion to Dismiss and requiring Defendant Kazmarck to file an answer within fourteen days of that date. Dkt. No. 64.

8.      The deadline for Defendant Kazmarck to file an Answer has passed, and to date, no Answer has been filed.

9.      On November 12, 2024, the Clerk of the Court issued a Certificate of Default. Dkt. No. 72.

10.     In light of Defendant Kazmarck's default, Plaintiffs respectfully request that the Court enter the attached proposed Default Judgment and Order. The Default Judgment award includes all actual damages, liquidated damages, attorneys' fees, costs and interest. The total amount of the requested judgment is $73,356.72 representing $13,045.71 in unpaid wages, $653.57 unpaid overtime wages, $13,699.29 in liquidated damages, $10,000 in wage statement violations, $5,986 in interest, $28,672.50 in attorneys' fees and $1300.00 in costs and expenses.

11.     Annexed hereto are the following exhibits in support of the instant application.

- Exhibit A – Plaintiffs' Damages Calculations.

- Exhibit B – Affidavit of Plaintiff, Elina Gromina.

- Exhibit C – Plaintiff's Attorneys' Fees Affirmation.

- Exhibit D – Proposed Order of Default.

## FACTUAL BACKGROUND

12.    Plaintiff was hired by Defendants as a trader and/or "project manager" - - albeit a position that is not managerial in nature pursuant to federal and state employment laws - - in October 2019 and worked in that role until April 2020.  In this role, Plaintiff was a non-managerial, non-exempt employee of Defendants assisting in handling the investments of Defendants' clients and monitoring the various markets throughout the day.

13.    Throughout Plaintiff's employment, Defendant Kazmarck oversaw the day-to-day operations of Defendant Forexonia's and Defendant Kazmarck Capital, LLC's businesses and was responsible for all personnel decisions regarding the employees working at either or both entities.

14.    From her date of hire until April 2020, Defendants required Plaintiff to work, and she did in fact work, from 7:30 a.m. until at least 6:00 p.m., and occasionally until 10:00 p.m. or 11p.m., for six days per week.

15.    Throughout her employment, Defendants did not pay Plaintiff at least the minimum rate prescribed by either the FLSA or the NYLL for hours worked up to forty in a week. Additionally, Defendants never paid Plaintiff at a rate of one- and one-half times her regular rate of pay for hours worked in a week over forty.

16.    For example, Plaintiff was only paid on four occasions throughout her seven months of work for a total of $2,640, despite Plaintiff working over forty hours per week every week during her employment.

17.    Indeed, on December 31, 2019, Plaintiff was paid only $250.00 for a month's worth of work - - or about 265 hours - - according to about 66 hours per week during this time working Monday through Saturday.

18.    Similarly, Plaintiff was paid only $200.00 for roughly the same hours worked between January 10 to February 10, 2020; only $400.00 for the same hours worked between February 11 and March 9, 2020; and $1,790.00 for the same hours worked between March 10 and April 10, 2020.

19.    To make matters worse, Defendant Kazmarck informed Plaintiff that the final payment in April 2020 was meant to cover not only the previous month's work, but also the next four months of work as well.  In other words, Defendants intended to pay Plaintiff $1,790.00 for what would be over 1,300 hours of work over those months combined.

20.    Plaintiff was required by the FLSA to be paid a minimum wage rate of no less than $7.25 per hour throughout her employment.

21.    Plaintiff was required by the NYLL to be paid a minimum wage rate of no less than $15.00 per hour throughout her employment.

22.    Defendants regularly failed to pay Plaintiff Davis the required minimum wage throughout Plaintiff's employment in violation of the FLSA and the NYLL.

23.    Plaintiff was entitled to be paid at least one and one-half times the minimum wage rate and/or the regular hourly rate of pay, whichever was higher, for each hour in excess of forty (40) hours that Plaintiff worked in any workweek pursuant to the FLSA § 207 and 12 NYCRR 142-2.2.

24.    Throughout Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per workweek and was entitled to receive overtime wages.

25.    At no time was Plaintiff paid overtime wages of one and one-half times the minimum wage rate and/or the regular hourly work rate of pay, whichever was higher, for any hours that Plaintiff Davis worked in excess of forty (40) per workweek, in violation of the FLSA

and NYLL.

26.    At all relevant times, Plaintiff was entitled to wage statements indicating the regular and overtime rate of pay; the basis of the rate of pay; the dates covered by the payment; the name, address, and phone number of the employer; and itemized allowances and deductions pursuant to NYLL 195(3).

27.    At all relevant times, Plaintiff was entitled to a notice at the time of hiring indicating Plaintiff's rate of pay and the basis thereof, the name of the employer, any doing business as names and the main office or principal place of business pursuant to NYLL 195(1).

28.    Plaintiff was not provided an accurate wage theft prevention act notification at the time of hiring indicating her rate of pay or the basis thereof, nor was she provided accurate wage payment statements reflecting his hourly rate or number of hours worked on each payday while working for Defendants.

29.    Throughout Plaintiff employment with Defendants, she was paid by check on an irregular and inconsistent basis regardless of the number of hours worked in a week.

30.    Each hour that Plaintiff worked was for Defendants' benefit.

31.    Plaintiff complained to Defendant Kazmarck via text message in April 2020 about how infrequently she was being paid, and specifically pointed out that the April payment fell drastically short of being commensurate with her hours worked during that time. In response, Defendants summarily terminated her employment.    Additionally, Defendant Kazmarck threatened Plaintiff immigration status through falsely reporting her to the authorities.    Defendant Kazmarck also initially withheld Plaintiff's passport and immigration-related documents in the office until he eventually relented and returned them upon Plaintiff's additional complaints.    These actions are in violation of the anti-retaliation provisions of NYLL § 215

## PROCEDURAL BACKGROUND

32.    This action commenced on January 28, 2022, with the filing of a Complaint and a request for issuance of summons as against Defendants Forexonia, LLC, Kazmarck Capital, LLC, and Alex Kazmarck, alleging, *inter alia,* violations of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

33.    On February 25, 2022, Defendant Alex Kazmarck was served via United States Postal Service. (Dkt. No. 17).

34.    On March 31, 2022, Defendants Forexonia and Kazmarck Capital filed an Answer to the Complaint. (Dkt. No. 15).

35.    On February 3, 2023, after partial discovery was completed, counsel for Defendants moved to be relieved as counsel citing that he had been discharged by Defendants and that Defendants had "deliberately disregarded their fee agreement with Counsel." (Dkt. No. 32).

36.    On February 10, 2023, this Court granted Defendants' former counsel's request to withdraw, and ordered Defendants to obtain new counsel within 30 days, or by March 9, 2023. (Dkt. No. 34).

37.    On August 29, 2023, with no counsel having appeared for Defendants, this Court found Defendants in default and ordered Plaintiff to move for default judgment within 30 days. (Dkt. No. 35).

38.    On September 29, 2023, Plaintiff moved for default judgement against Defendants Kazmarck Capital and Forexonia. (Dkt. No. 37).

39.    On January 9, 2024, this Court issued an order finding Defendants Kazmarck Capital and Forexonia in Default. (Dkt. No. 47, 48).

40.     On February 15, 2024, Defendant Kazmarck was re-served with the Amended Summons and Complaint following the default of the other Defendants. (Dkt. No. 56.)

41.     On March 7, 2024, Defendant Kazmarck filed a Motion to Dismiss this action. (Dkt. No. 57.) Plaintiff opposed on March 28, 2024. (Dkt. No. 59.)

42.     On October 21, 2024, this Court issued an Order denying Defendant Kazmarck's Motion to Dismiss and requiring Defendant Kazmarck to file an answer within fourteen days of that date. (Dkt. No. 64.)

43.     The deadline for Defendant Kazmarck to file an Answer passed on November 5, and to date, no Answer has been filed.

44.     This Court issued a Certificate of Default on November 12, 2024. (Dkt. No. 72.)

## ARGUMENT

**A. <u>A Default Judgment Should Be Entered Against Defendant Kazmarck as He Has Failed to Answer the Complaint and the Complaint Contains Well-Pleaded Allegations Establishing Defendants' Liability and Plaintiffs' Damages</u>**

### i.     The Court Should Accept Evidence Via Declaration

45.     The Court should accept Plaintiff's Declarations and evidence in lieu of an in-person inquest. The Second Circuit permits the Court to hold an inquest by affidavit rather than in-person "as long as [the court has] ensured that there was a basis for the damages specified in the default judgment." <u>Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.</u>, 109 F.3d 105, 111 (2nd Cir. 1997) (quoting <u>Fustok v. ContiCommodity Servs., Inc.</u>, 873 F.2d 38, 40 (2nd Cir.1989)); <u>Liu v. Jen Chu Fashion Corp.</u>, No. 00-cv-4221, 2004 WL 33412, at *2 (S.D.N.Y. Jan. 7, 2004). Accordingly, the Court should waive the in-person inquest if it is satisfied that Plaintiff's sworn Declaration and other evidence establishes Plaintiff's entitlement to the damages claimed.

### ii.     The Complaint Contains Well-Pleaded Allegations Establishing Defendants' Liability and Plaintiffs' Damages

46.     A default judgment entered on the well-pleaded allegations in the Complaint establishes a defendant's liability. Duffy v. Modern Concrete Corp., No. 07-cv-962, 2008 WL 822111 at *3 (E.D.N.Y. March 25, 2008) (citing Garden City Boxing Club, Inc. v. Morales, No. 05-cv-0064, 2005 WL 2476264 at * 3 (E.D.N.Y. Oct. 7, 2005). Furthermore, by defaulting, a defendant essentially admits that that all the allegations in the Complaint against the defendant are true. Aguilar v. E-X Supply Corp., No. 06-cv-6790, 2008 WL 905224 at *2 (E.D.N.Y. March 31, 2008) (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2nd Cir. 1992) ("[a] defendant's default is an admission of all well-pleaded allegations in the complaint").

47.     First, the Complaint establishes that Defendants have engaged in interstate commerce within the meaning of the FLSA, have employed at least two employees, and have had an annual dollar volume of sales or business done of at least $500,000. Likewise, Defendants regularly provided sales and services to interstate clients. (See Amended Compl., Dckt. No. 1, ¶ 11); see U.S.C. §§ 203(r)(1), 203(s)(1) and 206(a). Second, the Complaint sets forth that Plaintiff was a non-exempt employee under the FLSA and NYLL, assisting in handling the investments of Defendants' clients and monitoring the various markets throughout the day.

48.     Third, the Complaint and Plaintiff's Affidavits sets forth with particularity Plaintiffs' periods worked, schedule, work hours, salary, and therefore satisfies the specificity requirements for FLSA and NYLL claims. (Id. at ¶21-28, 34); see Dejesus v. HF Management Services, LLC, 726 F.3d 85, 88 (2nd Cir. 2013); Aguilar, 2008 WL 905224, at *3 (E.D.N.Y 2008) (a plaintiff's claims of damages can be determined by "a review of detailed affidavits").

49.     Fourth, the Complaint and Plaintiff's Affidavit establish that each of the Defendants were Plaintiff's employer under the FLSA and NYLL and are jointly and individually liable for Plaintiff's unpaid wages. The definition of an employer under the Fair Labor Standards Act

("FLSA") is "expansive[]"; <u>Falk v. Brennan</u>, 414 U.S. 190, 195 (1973); and is written in the "broadest possible terms". <u>Carter v. Dutchess Cmty. Coll.</u>, 735 F.2d 8, 12 (2nd Cir. 1984). Whether a party constitutes an employer under the FLSA and NYLL is generally evaluated using the "economic reality" test. <u>Ansoumana v. Grtistede's Operating Corp.</u>, 255 F. Supp. 2d 184, 189 (S.D.N.Y. 2003). Under the economic reality test, factors taken into consideration include whether the employer 1) had the power to hire and fire employees, 2) supervised and controlled the employee's work schedules or conditions of employment, 3) determined the rate and method of payment, and 4) maintained employment records. <u>Carter</u>, 735 F.2d at 12; <u>see also</u> <u>Zheng v. Liberty Apparel Co. Inc.</u>, 355 F.3d 61, 70 (2nd Cir. 2003) (an individual "can be a joint employer under the FLSA even when it does not hire and fire its joint employees, directly dictate their hours, or pay them").

50.    As described in the Amended Complaint and Plaintiff's Affidavits, Defendant Kazmarck oversaw the day-to-day operations of Defendant Forexonia's and Defendant Kazmarck Capital, LLC's businesses and was responsible for all personnel decisions regarding the employees working at either or both entities.

51.    As reflected by the foregoing, the Complaint contains well pleaded allegations setting forth that Defendants were subject to the requirements of the FLSA and NYLL, were Plaintiff's employers, that Plaintiff was a non-exempt worker under the FLSA and NYLL, and sets forth Plaintiff's hours worked and rates of pay. Therefore, the Court should enter a default judgment against Defendants.

**B.** <u>Plaintiff is Entitled to Actual Damages, Liquidated Damages, Interest, Attorneys'</u>
<u>Fees and Costs</u>

    **i.**     **Damages Under FLSA and NYLL**

52.     Pursuant to the FLSA and NYLL, for each hour worked employees must be paid at the agreed upon hourly rate no later than seven calendar days after the end of the week in which the wages were earned. N.Y. Lab. Law § 191; <u>Dreyfuss v. eTelecare Global Solutions-US, Inc.</u>, 08 Civ. 1115, 2010 WL 4058143, at *5 (S.D.N.Y. Sep. 30, 2010). Furthermore, the agreed upon hourly rate of the employee must be above the required state and federal minimum wage rate. N.Y. Lab. Law § 652; 29 U.S.C. § 206. The required minimum wage rate in the instant matter for employees working in New York City was $15.00 per hour from December 31, 2019 through present. N.Y. Lab. Law § 652. Moreover, where an employee works in excess of forty (40) hour in a work week, the employee must be paid at a rate of one and one-half times the employee's regular hourly rate or minimum wage rate for each hour of overtime worked. 29 U.S.C. § 207; 12 NYCRR § 142-2.2. Additionally, employers shall not "make any deduction from the wages of an employee" unless expressly authorized in writing by the employee and are for the benefit of the employee. N.Y. Lab. Law § 193.

53.     Where an employer fails to pay an employee their full wages under the FLSA and NYLL, the employer shall be liable for liquidated damages equal to 100% of the total wages owed, together with the employee's attorney's fees, costs and interest. 29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a); <u>see</u> <u>Brock v. Wilamowsky</u>, 833 F.2d 11 (2nd Cir. 1987) ("double damages are the norm, single damages the exception"); <u>Kahlil v. Original Old Homestead Rest., Inc.</u>, 657 F. Supp. 2d 470, 474-75 (S.D.N.Y. 2009); <u>Ke v. Saigon Grill, Inc.</u>, 595 F.Supp.2d 260, 262 (S.D.N.Y. 2008) ("a plaintiff awarded [NYLL liquidated damages] ... may also recover pre-judgment interest"). In addition, with each payment of wages, an employer is required to furnish to the employee a

statement of wages that lists the number of hours the employee worked and amount paid for such time worked, the failure of which entitles the employee to liquidated damages in the amount of $50.00 per day up to a maximum of $5,000.00. N.Y. Lab. Law § 195.

### ii.    Plaintiff's Burden of Proof

54.    Under Federal and New York State statutes, every employer is required to make, keep, and preserve records, for a period of no less than six (6) years, containing the following information for its employees: 1) the name of each employee; 2) occupation; 3) time of day and day of the week on which the employee's workweek begins; 4) regular hourly rate of pay; 5) hours worked each workday; 6) total hours worked each workweek; 7) total daily or weekly straight-time earnings or wages due; 8) total premium paid for overtime hours; 9) additions and deductions from wages; 10) total wages paid each pay period; and 11) date of payment and the pay period covered by the payment. 29 U.S.C. § 211; 29 C.F.R. § 516.2; 12 NYCRR § 142-2.6; and N.Y. Lab. Law. §§ 195.4 and 661.

55.    An employer's duty under the FLSA and NYLL "to maintain accurate records of its employees' hours is non-delegable." Kuebel v. Black & Decker Inc., 643 F.3d 352, 363 (2d Cir. 2011); see 29 U.S.C. § 211(c); Caserta v. Home Lines Agency, Inc., 273 F.2d 943, 944, 946 (2nd Cir.1959). Where the employer fails to create or preserve records, or where such records are inadequate, the employees need only submit sufficient evidence from which violations of the Act and the amount of an award may be reasonably inferred. Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 387-88 (1946); Reich v. Southern New Eng. Telcoms. Corp., 121 F.3d 58, 66 (2nd Cir. 1997); Harold Levinson Associates, Inc. v. Chao, 37 Fed.Appx. 19, 20-21 (2nd Cir. 2002) ("the burden is on an employer to properly record hours, and an employee need only as a prima facie matter present an estimate of damages").

56.    The employee is able to meet this burden based upon the employee's "recollection alone." Doo Nam Yang v. ACBL Corp., 427 F.Supp.2d 327, 335-36 (S.D.N.Y. 2005); Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372, 380 (E.D.N.Y. 2012). An "employee's burden in this regard is not *high*". Kuebel, 643 F.3d at 362 (emphasis added); Anderson 328 U.S. at 687 (remedial purpose of the FLSA militates against making employee's burden an "impossible hurdle").

57.    In the instant matter, the Defendant Kazmarck has failed to comply with this Court's order to answer the Complaint, and as such has resulted in the waiver of any defense to Plaintiff's claims.

58.    Accordingly, Plaintiff's evidence of her hours worked is entitled to a reasonable inference of accuracy. The burden thus falls on the Defendant Kazmarck "to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence." Berrios v. Nicholas Zito Racing Stable, Inc., 849 F. Supp. 2d 372, 380 (E.D.N.Y. 2012); Anderson, 328 U.S. at 687–88; see also Ramirez v. Rifkin, 568 F.Supp.2d 262, 273 (E.D.N.Y.2008) (after plaintiff meets their initial burden, "[t]he burden then shifts to the employer to show that the inference is not reasonable."). As Defendant Kazmarck did not provide any documentation or records regarding Plaintiffs' hours worked and have not come forward with evidence to rebut the Plaintiffs' recollection of her hours worked, Plaintiffs' recollection is presumed to be correct.

**iii.    Plaintiffs' Damages Suffered**

59.    Plaintiff was subjected to various violations of the FLSA and NYLL by Defendants during her employment including the failure to timely pay hourly wages, failure to pay wages at

the minimum wage rate, failure to provide overtime wages, failure to provide wage payment statements and for unlawful deductions of wages.

60.    Annexed hereto as Exhibit "A" are excel sheet damages calculations reflecting the specific amounts that Plaintiff is owed.

61.    Additionally, Plaintiff is entitled to recovery of her attorneys' fees and costs. As reflected by Plaintiff's Attorneys' Fees Affirmation annexed hereto as Exhibit "D", Plaintiffs have incurred attorney fees costs of $28,672.50 and expenses of $1300. As reflected by the foregoing, Plaintiff has presented sufficient evidence and information from which this Court may determine the amount to award Plaintiffs.

## C.  Conclusion

62.    For the foregoing reasons, it is respectfully requested that the Court enter default against Defendant Kazmarck for the full amount set forth herein of $73,356.72 representing $13,045.71 in unpaid wages, $653.57 unpaid overtime wages, $13,699.29 in liquidated damages, $10,000 in wage statement violations, $5,986 in interest, $28,672.50 in attorneys' fees and $1300.00 in costs and expenses. A proposed order of default judgment is annexed hereto as Exhibit "D".

Dated:  Syosset, New York
        December 3, 2024

                                        BELL LAW GROUP, PLLC


                                        By: *Adam P. Grogan*
                                        Adam P. Grogan, Esq.
                                        *Attorneys for Plaintiff*
                                        116 Jackson Avenue
                                        Syosset, New York 11791
                                        (516) 280-3008
                                        apg@belllg.com