UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELINA GROMINA,
      Plaintiff,

-v-

ALEX KAZMARCK,
      Defendant.

22-CV-744 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

  Before the Court is Plaintiff Elina Gromina's motion for default judgment and Defendant Alex Kazmarck's motion to set aside the clerk's certificate of default issued on November 12, 2024.

  On October 21, 2024, this Court issued an Opinion and Order denying Kazmarck's motion to dismiss. (ECF No. 64.) Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Kazmarck had fourteen days to file his answer. However, Kazmarck did not file a timely answer. On November 12, 2024, the Clerk of Court issued a Certificate of Default against Kazmarck. (ECF No. 72.) On November 15, 2024, Kazmarck filed a motion requesting an extension of time to file his answer due to a mailing delay and an "unforeseen family emergency," and opposed any default judgment. (ECF No. 73.) The Court, construing this opposition as a motion to set aside the Certificate of Default, set a briefing schedule on the motion. (ECF No. 74.) In addition to opposing Kazmarck's motion (ECF No. 75), Gromina moved for default judgment (ECF No. 76) and served the motion and its supporting documents on Kazmarck (ECF No. 78).

  "The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In deciding whether good cause exists, courts look to three factors: "(1) whether the default was

willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993). Importantly, the Second Circuit has emphasized that "because defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Id.*; *see also New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005) ("[W]e have expressed a strong preference for resolving disputes on the merits.").

Kazmarck, a *pro se* litigant who has not consented to electronic service, was a mere ten days late in filing his answer. Kazmarck admits his tardiness but explains that there was a mail delay in receiving the Court's Order. Further, he mentions a family emergency in the "unexpected passing of a close family member." Such a delay does not appear willful.

Second, while setting aside the default would certainly be less convenient for Gromina, Kazmarck has "commit[ted] to filing an immediate answer and cooperating with the Court to expedite the litigation." Taking Kazmarck at his word, Gromina would not be unduly prejudiced by this slight delay in the progress of her action.

Third, Kazmarck has indicated that employment documentation produced in discovery will provide several legitimate defenses to Gromina's Fair Labor Standards Act and New York Labor Law claims. Should Kazmarck possess the documentation he claims he does, he may have a meritorious defense.

Given these circumstances, and this Circuit's strong preference for resolving disputes on the merits when a party has appeared and expressed a commitment to litigate their case, the Court exercises its discretion to set aside the certificate of default against Kazmarck and denies Gromina's motion for default judgment.

For the foregoing reasons, Defendant's motion to set aside the certificate of default is GRANTED and Plaintiff's motion for default judgment is DENIED.

Defendant shall file his answer within 7 days of his receipt of this Order.

The Clerk of Court is directed to close the motion at Docket Number 76.

The Clerk of Court is directed to mail a copy of this order to the *pro se* Defendant.

SO ORDERED.

Dated: January 21, 2025
       New York, New York

                                           _____
                                           J. PAUL OETKEN
                                           United States District Judge